**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GURSAHIB SINGH,** : | |
| **Petitioner** : | |
| : | **CIVIL ACTION NO. 3:17-0119** |
| **v.** : | |
| : | **(Mannion, D.J.)** |
| **CRAIG A. LOWE, Warden,** *et al.*, : | **(Carlson, M.J.)** |
| **Respondents** : | |

## ORDER

On January 20, 2017, petitioner Gursahib Singh filed, through counsel, a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. 1). The petitioner, an arriving alien who was mandatorily detained by ICE under 8 U.S.C. §1225(b), claims that he has suffered an unreasonably prolonged mandatory detention of 16 months during the pendency of his removal proceedings and, that he has not been afforded the due process protections required by the United States Constitution. Judge Carlson indicates that on August 30, 2016, the Immigration Judge ordered Singh removed to India and denied Singh's applications for asylum and withholding of removal. He also indicates that Singh appealed the decisions to the Board of Immigration Appeals and that his appeal is currently pending. (Doc. 7 at 5-6). As such, Singh is not yet subject to a final order of removal and he is being detained under §1225(b)(2)(A). Singh requests his release from custody at Pike County Prison or a constitutionally adequate bond hearing by an Immigration Judge, where the respondents must demonstrate that his continued detention is

justified.

Presently pending before the court is Judge Carlson's March 7, 2017 report, (Doc. 7), recommending that the petition be granted in part to the extent that an Immigration Judge be directed to conduct an individualized bond hearing for Singh. Respondent filed objections to the report and a brief in support. (Doc. 8, Doc. 9). Singh did not respond to either the report or to respondent's objections.

When objections are timely filed to the report and recommendation of a magistrate judge, the district court must review *de novo* those portions of the report to which objections are made. 28 U.S.C. §636(b)(1); Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. Rieder v. Apfel, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing United States v. Raddatz, 447 U.S. 667, 676 (1980)).

For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and

recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

The court has reviewed Judge Carlson's report and the objections of respondent as well as the applicable law on the issue presented herein and concurs with the sound reasoning of Judge Carlson as well as the recent decision in this district in Ahad v. Lowe, –F.Supp.3d–, 2017 WL 66829 (M.D.Pa. Jan. 6, 2017). In *Ahad*, the court found that "arriving aliens detained pre-removal pursuant to §1225(b) have a due process right to an individualized bond consideration once it is determined that the duration of their detention has become unreasonable" and, that "the 20 month duration of Ahad's detention has reached this presumptively unreasonable length." The court agrees with the cases cited in Judge Carlson's report as well as the *Ahad* case, and finds that the pre-removal detention of Singh under §1225(b) is subject to due process limitations and that he is entitled to an individualized bond hearing by an Immigration Judge since his more than 16-month detention is presumptively unreasonable.

Thus, the court will **ADOPT** Judge Carlson's report, (Doc. 7), and will **GRANT IN PART** Singh's habeas petition, (Doc. 1), and order that an Immigration Judge conduct an individualized bond hearing within 30 days. The court will **OVERRULE** the objections of respondent, (Doc. 8).

**IT IS HEREBY ORDERED, THAT**:

(1) The report and recommendation of Judge Carlson, (Doc. 7), is **ADOPTED**;

(2) The objections of respondent, (Doc. 8), are **OVERRULED**;

(3) Petitioner Singh's habeas petition, (Doc. 1), is **GRANTED IN PART** to the extent that it seek an individualized bond hearing;

(4) An individualized bond hearing shall be conducted by an immigration judge **within thirty (30) days** of the date of this Order;

(5) At the bond hearing, the government shall bear the burden of demonstrating that Singh's continued detention is still necessary to fulfill the purposes of ensuring that he attends removal proceedings and that his release will not pose a danger to the community under Diop v. ICE/Homeland Sec., 656 F.3d 221,231 (3d Cir. 2011);

(6) The clerk of court is directed to close this case.

                          s/ *Malachy E. Mannion*
                          **MALACHY E. MANNION**
                          **United States District Judge**

**Dated: March 27, 2017**